UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALI EL-KHALIL,

       Plaintiff,                         Case No.

v.

OAKWOOD HEALTHCARE, INC,

       Defendant.

---

BEN M. GONEK (P43716)
Ben Gonek Law, P.C.
Attorney for Plaintiff
500 Griswold, Suite 2450
Detroit, Michigan 48226
ben@goneklaw.com

---

## COMPLAINT AND JURY DEMAND

    NOW COMES Plaintiff, ALI EL-KHALIL, by and through his attorneys, BEN GONEK LAW, P.C., and hereby complains of all the named Defendant, as follows:

## PARTIES AND JURISDICTION

1. Plaintiff Ali El-Khalil, D.P.M. (Dr. El-Khalil) is a licensed to practice podiatric medicine in the state of Michigan and is a resident of Wayne County, Michigan.

2. Defendant Oakwood Healthcare, Inc, is a Domestic Non-Profit Corporation licensed and registered in the State of Michigan. Defendant Oakwood Healthcare, Inc does business as Beaumont Hospital, Taylor. This Defendant and Beaumont Hospital, Taylor does business in Wayne County, Michigan.

3. The court has subject-matter jurisdiction in this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 2601 et seq and 29 U.S.C. § 794(a).

4. Venue is proper in the Eastern District of Michigan pursuant to 28 U.S.C. § 1391(b), as it is in the district in which Defendants conduct business.

5. The amount in controversy exceeds seventy-five thousand dollars. ($75,000.00)

11. Plaintiff brings this retaliation action on her own behalf under the False Claims Act, 31 U.S.C. § 3729 et seq. This Court has jurisdiction over this case pursuant to 31 U.S.C. §§ 3732(a) and 3730(b). This Court also has jurisdiction pursuant to 28 U.S.C. §§ 1331.

## FACTUAL SPECIFIC ALLEGATIONS

12. Plaintiff began his employment with Defendant on May 27, 2008 as a Staff Podiatrist. Plaintiff subsequently terminated his employment on or about June 2011.

13. Plaintiff was given privileges at all Oakwood Campuses ran by Defendant Oakwood Healthcare, Inc.

14. Over the course of the next several years, Plaintiff demonstrated that he had a very successful practice and was developing an excellent reputation for providing excellent podiatric care.

15. In addition to developing a successful podiatry practice, Plaintiff demonstrated that his integrity was impeccable, and he expected the same from other physicians.

16. While working at Defendant's various locations, Plaintiff observed many employees of Defendant as well as physicians who had privileges at the Defendant's institutions perpetrating health care fraud. Specifically, Plaintiff observed and subsequently reported physicians for providing unnecessary medical services, inappropriately billing Medicare, doing harm to patients and subsequently billing Medicare for said services, and paying kickbacks for referrals for medical consults. Plaintiff also reported to Agents/Employees of the Federal Government

that Defendant was violating the False Claims Act by illegally billing Medicare for facilities fees when facility fees should not have been charged, paying kickbacks for referrals, and encouraging and then billing for unneeded medical services to Federally Funded programs, all in violation of the False Claims Act.

17. When it became known to the Administration at Defendant Oakwood that Plaintiff had reported violations of the False Claims Act to Governmental employees, Defendant Oakwood refused to renew Plaintiff's Hospital Privileges at Beaumont Dearborn, Beaumont Trenton and Beaumont Wayne in retaliation for Plaintiff reporting violations of the False Claims Act.

18. After Beaumont Dearborn, Beaumont Trenton, and Beaumont Wayne, Plaintiff still had privileges at Beaumont Taylor.

19. When Plaintiff's privileges were set to expire, Plaintiff reapplied for privileges at Beaumont Taylor.

20. Defendant Oakwood d/b/a Dearborn Taylor refused to renew Plaintiff's privileges. Defendant Oakwood d/b/a Dearborn Taylor failed to renew his privileges and took this adverse action because Plaintiff reported other employees/contractors/facilities for violating the False Claims Act.

21. Pursuant to the Medical Staff Bylaws, Plaintiff requested a hearing regarding the refusal of Defendant Oakwood to renew Plaintiff's privileges at Beaumont Taylor.

22. A fair hearing was held, and the hearing panel found that the decision not to renew Plaintiff's privileges lacked basis in fact and was arbitrarily discriminatory.

23. After Plaintiff was successful at the hearing, Defendant Oakwood appealed the decision of the hearing panel to the Joint Conference Committee ("JCC") of Defendant.

24. Plaintiff filed a brief with the JCC pointing out that the hearing panel's decision was in fact the correct decision and that the action taken was due to Plaintiff reporting violations of the False Claims Act to Governmental Officials/Employees.

25. The JCC subsequently voted to reverse the decision of the hearing panel. The JCC's decision was in retaliation for Plaintiff reporting Defendant's violations of the False Claims Act.

26. As a direct and proximate cause of this action, Plaintiff suffered pain, humiliation, loss of business opportunities, and lost income.

## COUNT ONE
### VIOLATON OF THE RETALIATION PROVISION
### OF THE FALSE CLAIMS ACT

27. The retaliation provision of the False Claims Act protects an employee, associated other, and/ or contractor from being "discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in

5

the terms and conditions of employment because of lawful acts done by the employee, contractor, agent or associated others in furtherance of an action under this section or other efforts to stop 1 or more violations of this subchapter." 31 U.S.C. § 3730(h).

28. Relief for violating this section includes reinstatement of the employee, contractor, or agent with the same level of seniority that person would have had but for the discriminatory conduct, as well as double damages for back pay, interest on back pay, and special damages. Relief also includes reasonable attorneys' fees. *Id.* §3730(h)(1)(b).

29. Plaintiff was retaliated against and constructively discharged due to his reporting the violations of the False Claims Act by Defendants to Governmental Agents/employees.

31. As a direct and proximate cause of Defendants' illegal conduct, Plaintiff sustained damages to his reputation, earning ability, as well as humiliation and embarrassment.

32. Plaintiff is entitled to damages in excess of $75,000 for Defendants unlawful conduct.

WHEREFORE Plaintiff respectfully requests that this Court enter Judgment in his favor and any other relief he may be entitled to for an amount in excess of $75,000.00.

## **JURY DEMAND**

Plaintiff demands a jury trial.

                                              Respectfully submitted,

                                              */s/ Ben Gonek*
                                              BEN M. GONEK (P43716)
                                              BEN GONEK LAW, P.C.
                                              500 Griswold Street, Suite 2450
                                              Detroit, MI 48226
                                              (313) 963-3377

Dated:  September 26, 2019